UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MOHAMD SALIM ABDESSAMED,

Petitioner,

v.

KEVIN RAYCRAFT et al.,

Respondents.

Case No. 1:26-cv-2522

Honorable Jane M. Beckering

**OPINION**

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee, initiated this action by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will dismiss the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

**Discussion**

## I. Procedural History

The habeas petition challenges the lawfulness of Petitioner's current detention and asks the Court to, *inter alia*, issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 either ordering Respondents to release Petitioner or ordering Respondents to conduct a bond hearing to satisfy the requirements of due process. (Pet., ECF No. 1, PageID.24.)

In an order entered on September 9, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner should not be granted. (Order, ECF No. 6.) Respondents filed their response and a recording of the August 3, 2026, bond hearing on September 14, 2026. (Resp., ECF No. 7; Recording of Aug. 3,

2026, Bond Hearing, filed on Sep. 14, 2026.) Following an extension of time, Petitioner filed a reply on September 23, 2026. (ECF No. 10.)

## II. Relevant Factual Background

Petitioner is a native and citizen of Mauritania. (Pet., ECF No. 1, PageID.2) Petitioner entered the United States in 2024, and shortly thereafter, Department of Homeland Security officials encountered Petitioner and issued him a Notice to Appear, charging Petitioner with inadmissibility under § 212(a)(6)(A)(i) of the Immigration and Nationality Act. (NTA, ECF No. 7-2.)[1]

On June 11, 2026, Petitioner was charged in a federal criminal complaint with violating 18 U.S.C. § 111(a)(1) and (b) – Assaulting, Resisting, or Impeding certain officers or employees based on Petitioner's actions during his arrest by ICE on June 4, 2026. (E.D. Mich. Crim. Compl., ECF No. 7-9); *see* Indictment, *United States v. Abdessamed*, No. 2:26-cr-20634 (E.D. Mich. Sep. 23, 2026), (ECF No. 20) (charging Petitioner as follows: "forcibly assault, resist oppose, impede, intimidate, and interfere with . . . Deportation Officers[,] . . . who were engaged in . . . the performance of their official duties, using a dangerous weapon, and caused physical contact and inflicted bodily injury to Deportation Officer A.R.").

On August 3, 2026, the Detroit Immigration Court held a § 1226 bond hearing for Petitioner. (*See* Order Immigration Judge, ECF No. 7-12; *see also* Recording of Aug. 3, 2026, Bond Hearing, filed on Sep. 14, 2026.) At the conclusion of the hearing, the Immigration Court denied Petitioner's request for bond concluding that he was subject to mandatory detention under

[1] The materials submitted by the parties do not suggest that Petitioner is subject to a final order of removal.

§ 1226(c), or alternatively, that Petitioner was a danger to the community. (*See* Order Immigration Judge, ECF No. 7-12; *see also* Recording of Aug. 3, 2026, Bond Hearing, filed on Sep. 14, 2026.)

**III. Habeas Corpus Legal Standard**

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers upon the federal courts the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A. A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

**IV. Discussion**

Petitioner claims that the Immigration Court improperly concluded that he was subject to mandatory detention under § 1226(c). (Pet., ECF No. 1, PageID.22.) Respondents argue that Petitioner is subject to mandatory detention under § 1226(c)(1)(E) because he was charged with assault of a law enforcement officer, and they argue that the Court should dismiss the § 2241 petition for failure to exhaust administrative remedies. (Resp., ECF No. 7, PageID.184–187.)

Section 1226(c)(1)(E) provides, in relevant part, that:

> [t]he Attorney General shall take into custody any alien who . . . is charged with, is arrested for, is convicted of, admits having committed, or admits committing acts which constitute the essential elements of any burglary, theft, larceny, shoplifting, or assault of a law enforcement officer offense, or any crime that results in death or serious bodily injury to another person.

8 U.S.C. § 1226(c)(1)(E)(ii). Unlike § 1226(a), which allows for release on bond, § 1226(c) stipulates that release from detention is available "only if the [noncitizen] is released for witness-protection purposes." *Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) (internal quotation marks and citations omitted).

Here, the Immigration Court concluded that Petitioner's federal charge for violating 18 U.S.C. § 111(a)(1) and (b) – assaulting, resisting, or impeding certain officers or employees based on Petitioner's actions during his arrest by ICE on June 4, 2026, subjects him to mandatory detention under § 1226(c). (*See* Order Immigration Judge, ECF No. 7-12; Recording of Aug. 3, 2026, Bond Hearing, filed on Sep. 14, 2026; *see also* E.D. Mich. Crim. Compl., ECF No. 7-9); Indictment, *United States v. Abdessamed*, No. 2:26-cr-20634 (E.D. Mich. Sep. 23, 2026), (ECF No. 20). To the extent that Petitioner believes that his detention does not fall within the scope of § 1226(c), he may request a "*Joseph* hearing" in Immigration Court. *See Matter of Joseph*, 22 I. & N. Dec. 799 (BIA 1999); *see also* 8 C.F.R. § 1003.19(a). At such a hearing, Petitioner would have the opportunity to "avoid mandatory detention by demonstrating that he is not an alien, was not convicted of the predicate crime, or that the [Government] is otherwise substantially unlikely to establish that he is in fact subject to mandatory detention." *Jennings*, 583 U.S.at 289 n.1 (quoting *Demore v. Kim*, 538 U.S. 510, 514 n.3 (2003)). Petitioner does not indicate that he has requested such a hearing in Immigration Court. Under these circumstances, Petitioner has not exhausted his administrative remedies, and Petitioner has not demonstrated grounds for excusing the exhaustion requirement in this case.

## Conclusion

For the reasons discussed above, the Court will dismiss the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

Dated: October 23, 2026

/s/ Jane M. Beckering
Jane M. Beckering
United States District Judge